[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10589
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03743-TCB

RICHARD V. HARRISON,

Plaintiff-Appellant,

versus

BELK, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 26, 2018)

Before MARTIN, JILL PRYOR, and EDMONSON, Circuit Judges.

PER CURIAM:

Plaintiff Richard Harrison, proceeding pro se, appeals the district court's order awarding $8,925.15 in costs to his former employer, Belk, Inc. ("Belk"), in Plaintiff's employment discrimination lawsuit.[1]  The challenged costs were incurred by Belk in obtaining copies of transcripts from nine depositions taken by Plaintiff and of Plaintiff's deposition transcript.  No reversible error has been shown; we affirm.

We review a district court's decision about whether to award costs to the prevailing party under an abuse-of-discretion standard.  Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).  An abuse of discretion occurs if the district court awards costs based on a clearly erroneous factual finding.  Id.

Generally speaking, the prevailing party is entitled to recover costs of litigation.  See Fed. R. Civ. P. 54(d)(1).  Among the costs that may be taxed by the district court include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4).

---

[1] In a separate appeal, we affirmed the district court's grant of summary judgment in favor of Belk on Plaintiff's claims for race and sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.  See Harrison v. Belk, Inc., No. 17-14839, 2018 U.S. App. LEXIS 25116 (11th Cir. Sept. 5, 2018).

"[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000). Costs are generally unrecoverable if they were incurred merely for convenience or for investigative purposes. Id. at 620. But a party may recover "costs associated with the depositions submitted by the parties in support of their summary judgment motions." Id. at 621 (quotations omitted).

The district court abused no discretion in taxing the costs incurred in obtaining transcripts from the nine depositions taken by Plaintiff. Plaintiff selected these deponents and cited extensively to the deposition testimony in his filings in opposition to Belk's motion for summary judgment. The district court thus determined reasonably that copies of these depositions were "necessarily obtained for use in the case." That Belk made no direct citation to the deposition testimony in support of its summary judgment motion is not determinative. See id. at 623 ("Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file.").

Nor did the district court abuse its discretion in awarding costs associated with obtaining a transcript of Plaintiff's deposition. Plaintiff's deposition testimony was clearly pertinent to Belk's defense against Plaintiff's allegations of employment discrimination. Moreover, Belk relied heavily on Plaintiff's

testimony to support its arguments on summary judgment.  Plaintiff's deposition transcript was thus "necessarily obtained for use in the case."[2]

AFFIRMED.

---

[2] On appeal, Plaintiff contends that Belk failed to comply with the district court's local rules pertaining to the filing of deposition transcripts.  Even if true, no legal authority indicates that Belk's alleged non-compliance would render unrecoverable the costs associated with Plaintiff's deposition.